O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY GLEN LUSTER,              )  | CASE NO.  CV 10-02681 CAS(SS) |
| Petitioner,   )  | **ORDER ACCEPTING FINDINGS,** |
| v.              )  | **CONCLUSIONS AND RECOMMENDATIONS OF** |
| GARY SWARTHOUT, Warden,     )  | **UNITED STATES MAGISTRATE JUDGE** |
| Respondent.   )  | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections.  After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.  However, the Court addresses certain arguments raised in the Objections below.

In his Objections, Petitioner challenges the Magistrate Judge's conclusion that he was not prejudiced by counsel's failure to object to Deputy French's testimony regarding the victim's statements about a

prior incident of domestic violence or by the trial court's admission of these statements in violation of the Confrontation Clause. (Objections at 2-8). In particular, Petitioner argues that the Magistrate Judge improperly credited other evidence regarding the prior domestic violence incident to find that Petitioner was the "aggressor" in the 2003 incident, even though the evidence was equivocal. Petitioner further argues that the Magistrate Judge improperly relied on the 2003 prior incident to find that the evidence of Petitioner's guilt in the instant murder was overwhelming. (Id. at 5). According to Petitioner, despite the other evidence regarding the 2004 murder, "the jury acquitted petitioner of first-degree premeditated murder and found second-degree murder without premeditation," and may reasonably have convicted Petitioner of voluntary manslaughter but for the improperly admitted statements of the victim. (Id.).

Petitioner's argument misstates the facts regarding his trial and misinterprets the Report and Recommendation. First, the jury did not "acquit" Petitioner of first-degree murder because Petitioner was charged only with second-degree murder and the lesser included offenses of voluntary and involuntary manslaughter. (See, e.g., 6 RT 888, 896; CT 197). Second, the Report's brief discussion of the prior incident of domestic violence was not the basis for the Magistrate Judge's finding that the evidence of Petitioner's guilt in 2004 was overwhelming. Instead, the Report merely noted "as a preliminary matter" that the victim's statements to Deputy French were not the only evidence pertaining to that 2003 incident that was presented to the jury. (R&R at 19-20). In addition to the victim's statements to Deputy French, the

1  jury heard Barbara's 911 call, Petitioner's admissions to Deputy French,
2  and Deputy French's observations about the scene in 2003.

4     The Magistrate Judge's conclusion that the evidence of guilt was
5  overwhelming was based on the evidence regarding the events of June 10,
6  2004, the day of the murder.  (Id. at 20-21).  As noted in the Report,
7  this evidence included testimony regarding the victim's appearance and
8  demeanor shortly before the murder, the length of time it took
9  Petitioner to strangle the victim, and Petitioner's actions immediately
10 after the murder.  (Id.).  Evidence regarding the prior incident of
11 domestic violence, however interpreted, was immaterial to the Report's
12 conclusion that the admission of Barbara's prior statements was not
13 prejudicial.

15    Petitioner's remaining Objections merely restate arguments
16 addressed in and rejected by the Report and Recommendation and do not
17 cause the Court to reconsider its decision to accept the Magistrate
18 Judge's conclusions and recommendations.  The Court notes, however, that
19 the citation to Cacoperdo v. Demosthenes on page 16, footnote 5, should
20 read:  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 29, 2012

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

4